**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -**

**TYRONE N. MURPHY,**

                                              **Plaintiff,**

            **v.**                                    **11-CV-0473**

**GEORGE E. ANDERSON, CHRISTOPHER**
**JOHNSON, and ISSAC BERTOS,**

                                              **Defendants.**

**- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -**

**THOMAS J. McAVOY**
**Senior United States District Judge**

## DECISION and ORDER

       Plaintiff Tyrone N. Murphy commenced this action *pro se* asserting claims pursuant to 42 U.S.C. § 1983 sounding in false arrest in violation of the search and seizure provisions of the Fourth Amendment; a violation of the Equal Protection Clause of the Fourteenth Amendment; and a violation of the Due Process Clause of the Fourteenth Amendment. Presently before the Court is Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of the complaint. Dkt. # 7.  Plaintiff has not filed any papers in opposition to the motion, and the parties have been advised that the motion will be decided on the basis of the submissions.  See 7/6/11 Text Notice.

**I.        FACTS**

       The following facts are taken from Plaintiff's Complaint and, for purposes of the instant motion, are deemed to be true.

On August 30, 2010, Plaintiff was at his brother-in-law's property, located at 275 4th Street, Troy, New York, assisting a contracted electrician with cleaning and repairs.  Plaintiff was working in the basement when the outside generator shut off.  When Plaintiff and the electrician went upstairs to see what happened, they heard voices and asked who was there.  Defendants Bartos and Johnson identified themselves as Troy City Police Officers and questioned what Plaintiff was doing on the property.  Plaintiff told Defendants he was there to assist with some repairs on the property with the permission of the owner, his brother-in-law.  Bertos told Plaintiff and the electrician that they were not allowed on the premises after four o'clock p.m. per orders from the Troy City Code Enforcement Officer.  Plaintiff questioned the accuracy of this statement, and stated that he believed the owner of the property was not aware of the restriction.  After further debate as to whether the Code Enforcement Officer had notified the owner of the property of the restriction, Plaintiff was placed under arrest for trespassing.  Plaintiff asserts Bertos and Johnson placed a radio-call transmission to Defendant Officer Anderson, the supervising officer on duty, who authorized the arrest.  Plaintiff was searched, handcuffed, placed in Johnson's patrol car and taken to the Troy Police Bureau.  Plaintiff was eventually released on his own recognizance to appear in Troy City Police Court on August 31, 2010.  At his appearance, the charge was dismissed in the interest of justice.

## II.      STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations. . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964–65.  "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965.  "'[T]he pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.' " Id. at 1965 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235–236 (3d ed.2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal*,* 129 S.Ct. 1937, 1949, (2009) (quoting Twombly*,* 550 U.S. at 570). A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." Ashcroft*,* 129 S.Ct. at 1949. Legal conclusions must be supported by factual allegations. Id. at 1950. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id*.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly*,* 550 U.S. 557) (internal quotations omitted).

In reviewing the allegations in a complaint drafted by a *pro se* litigant, the Court construes the pleading liberally.  See e.g. Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).

III.     DISCUSSION

      a.     **Due Process**

      Plaintiff contends that his arrest constitutes a violation of his right to due process. "While this contention may be legally correct, the remedy for such a violation is under the Fourth Amendment; not under generalized notions of due process." Devarnne v. City of Schenectay, No. 10-1037, 2011 WL 219722 (N.D.N.Y. Jan. 21, 2011) (citing Graham v. Connor, 490 U.S. 386, 395, (1989); Quinn v. City of Long Beach, No. 08-2736, 2010 WL 3893620, at *5 (E.D.N.Y. Sept. 15, 2010)).  Accordingly, the due process claim is dismissed as duplicative of the Fourth Amendment false arrest claim.

      b.     **Equal Protection**

      Plaintiff also contends that his arrest constitutes a violation of his right to equal protection.  To succeed on an equal protection claim, Plaintiff must "establish that (1) he was treated differently than others similarly situated, and (2) this differential treatment was motivated by an intent to discriminate on the basis of race, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person. Savatxath v. Stoeckel, No. 10-1089, 2011 WL 1790159 (N.D.N.Y. May 10, 2011) (citing Diesel v. Town of Lewisboro, 232 F.3d 92, 103 (2d Cir. 2000); Lovell v. Comsewogue Sch. Dist., 214 F. Supp. 2d 319, 321-11 (E.D.N.Y. 2003)).  The Complaint fails to allege that Defendants treated Plaintiff differently than any similarly situated individuals.  Moreover, and assuming *arguendo* that such an allegation could be implied, Plaintiff has failed to allege what race he is, or any facts that plausibly suggest that Defendants' actions were motivated by an intent to discriminate on the basis of race, to punish or inhibit the exercise of Plaintiff's constitutional

rights, or by a malicious or bad faith intent to injure Plaintiff.  Accordingly, the equal protection claims asserted in the Complaint are dismissed.

### c.   <u>False Arrest Claim</u>

Defendants contend that Plaintiff's Complaint fails to sufficiently allege a false arrest claim.   "A § 1983 claim for false arrest. . . is substantially the same claim as a claim for false arrest under New York law."  <u>Weyant v. Okst</u>, 101 F.3d 845, 854 (2d Cir. 1996).  To prevail on a false arrest claim under New York law, Plaintiff must establish that: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged."  <u>Curry v. City of Syracuse</u>, 316 F.3d 234, 335 (2d Cir. 2003) (citing <u>Weyant v. Okst</u>, 101 F.3d 845, 853 (2d Cir. 1996)).  Defendants contend that Plaintiff fails to sufficiently allege that he was confined against his will.  Although Plaintiff does not expressly indicate that he did not consent to the arrest, this can be inferred from the totality of the Complaint.

Defendants also argue that Plaintiff's apprehension was justified because it was supported by actual or arguable probable cause.  Probable cause serves as a "complete defense to an action for false arrest."  <u>Weyant v. Okst</u>, 101 F.3d 845 (2d Cir. 1996) (internal citations omitted).  "Probable cause exists if at the time of the arrest 'the facts and circumstances within th[e officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" <u>Amore v. Novarro</u>, 624 F.3d 522, 536 (2d Cir. 2010 (citing <u>Beck v. Ohio</u>, 379 U.S. 89, 91 (1964)).  "Arguable probable cause exists if either

- 5 -

(a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." Id. (citing Walczyk v. Rio, 496 F.3d 139, 163 (2d Cir. 2007) . To determine whether the officers had arguable probable cause, the objective information they possessed at the time of the arrest is examined, not the "subjective intent, motives or beliefs" of the officer. Id.

The allegations in the Complaint allege that Plaintiff was arrested because Defendants believed that the Troy City Code Enforcement Officer prohibited anyone from working on the property after four o'clock p.m. Plaintiff was unaware of the restrictions and questioned the accuracy of the officers' assertion. Without additional information regarding the alleged order from the Troy City Code Enforcement Officer and what Defendants were told about that order, it remains a question of fact whether Defendants had a reasonable basis to suspect that Plaintiff was engaged in unlawful activity. Thus, at this stage of the litigation, the Defendants' motion to dismiss the false arrest claims must be denied.

### d. **Qualified Immunity**

Defendants also argue that they are entitled to qualified immunity dismissing the false arrest claims against them. "[Q]ualified immunity . . . is sufficient to shield executive employees from civil liability under § 1983 if either (1) their conduct did not violate clearly established rights of which a reasonable person would have known, or (2) it was objectively reasonable [for them] to believe that their acts did not violate these clearly established rights." Amore v. Novarro, 624 F.3d 522, 530 (2d Cir. 2010) (citing Cornejo v. Bell, 592 F.3d 121, 128 (2d Cir. 2010)); see Okin v. Village of Cornwall-On-Hudson Polic Dep't, 577 F.3d

415, 433 (2d Cir. 2009) ("A police officer who has an objectively reasonable belief that his actions are lawful is entitled to qualified immunity.").

It was clearly established at the time that a citizen could not be arrested by the police without probable cause.  Thus, the question on the qualified immunity defense in this case is whether it was objectively reasonable for the officers to believe that their actions in arresting Plaintiff did not violate this clearly established right.  Because a question of fact exists as to what information the police possessed regarding the limitation of work at the site where Plaintiff was arrested, qualified immunity must be denied at this time.  See Amore 624 F.3d at 530- 531 ("Ordinarily, determining whether official conduct was objectively reasonable requires examination of the information possessed by the officials at that time.").  The motion may be renewed on summary judgment after the facts are further defined through discovery.

### e.   Claims against Municipality / Punitive Damages

Inasmuch as Plaintiff has not alleged any claims against the Troy Police Department or the City of Troy, the Court has no need to determine whether Plaintiff asserts a viable Monell claim, see Monell v. Department of Social Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978),  or rule on whether Plaintiff may recover punitive damages against the municipality.  See Jefferson v. City of Tarrant, Ala., 522 U.S. 75, 118 S .Ct. 481, 482, 139 L. Ed. 2d 433 (1997).  Thus, the motion in these regards is denied.

### IV.   CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss [dkt. # 7] is

**GRANTED IN PART** and **DENIED IN PART**.   Defendants' motion is **GRANTED** inasmuch as Plaintiff's due process and equal protection claims are **DISMISSED**.  Defendants' motion is **DENIED** in all other respects.

**IT IS SO ORDERED**.

Dated:July 26, 2011

Thomas J. McAvoy
Senior, U.S. District Judge